```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

AMERICAN AUTO GUARDIAN, INC.,      )
                                   )
                 Plaintiff,        )
                                   )
     v.                            )      No.  06 C 6171
                                   )
ACUITY MUTUAL INSURANCE COMPANY,   )
                                   )
                 Defendant.        )
```

MEMORANDUM ORDER

During the course of this morning's status hearing in this action, this Court issued its oral ruling as to the discoverability of four documents that had been submitted by counsel Richard Gordon, Esq. for Acuity Mutual Insurance Company ("Acuity") for in camera review, pursuant to this Court's earlier ruling that neither the attorney-client privilege nor the work product doctrine necessarily insulated from discovery the opinion letters received from Acuity's outside counsel. After this Court's ruling that each of the four tendered documents was indeed discoverable except for some limited redactions applicable to the January 16, 2006 and September 26, 2006 letters from Rick Hammond, Esq. of the firm of Johnson & Bell, Ltd. to in-house counsel James McCaffery, Esq. of Acuity, Acuity's counsel Gordon commendably disclosed that a further search of the files had turned up another letter to Acuity from an outside counsel with another law firm, Borgelt, Powell, Peterson & Frauen, S.C.

That November 20, 2006 letter from Borgelt firm attorney Thomas Klug, Esq. to John Cavanaugh of Acuity was also then

submitted for this Court's in camera review, consistently with the procedure that had been followed as to the other four documents.  It will be recalled that the predicate for this Court's earlier ruling as to the limited waiver (or more precisely forfeiture) of protection of such documents via the attorney-client privilege or the work product doctrine had been this statement in Acuity's original interrogatory response as to its handling of the policy claim initially tendered by American Auto Guardian, Inc. ("American Auto," the plaintiff in the current action):

> The coverage determination was made by James McCaffery and John Cavanaugh.

Because attorney Cavanaugh was thus identified as one of the decisionmakers in that respect and because he was the addressee of the November 20 letter, that letter must also be promptly disclosed to American Auto's counsel.  In that respect, because the last paragraph of that letter (like the portions of the two earlier letters that had to be redacted) reflects attorney Klug's strategic advice rather than a sheer legal analysis of the substantive issues, the final paragraph in the "Conclusion" section of the November 20 letter must be redacted before delivery to American Auto's counsel.

_____
   Milton I. Shadur
   Senior United States District Judge

Date:  November 16, 2007

2